UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM D. BENEFIELD, | ) |
| | ) |
| Plaintiff, | ) No. 3:15-cv-00822 |
| | ) Judge Campbell |
| v. | ) |
| | ) |
| HUMPHREYS COUNTY SHERIFF DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **M E M O R A N D U M**

The plaintiff, an inmate of the Humphreys Country Jail in Waverly, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 alleging that defendants Humphreys County Sheriff's Department and Southern Health Partners are violating his civil rights by failing to properly treat his blood pressure and administer medication to inmates. (Docket No. 1). The plaintiff seeks damages in the amount of $350,000 from the Humphreys County Sheriff's Department and $15,000,000 from Southern Health Partners. (*Id*. at p. 6). He also seeks a change in the policies of the Humphreys County Sheriff's Department. (*Id*.)

The plaintiff's complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.     PLRA Standard for Screening Prisoner Complaints**

Under the PLRA, the court is required to dismiss *sua sponte* any *in forma pauperis* or prisoner complaint brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; *see also* 42 U.S.C. § 1997e(c). The Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and

accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**II.     Alleged Facts**

The complaint alleges that, while incarcerated at Humphreys County Jail, the plaintiff has experienced issues with his blood pressure. As a result, he has been prescribed medication to control his blood pressure. According to the complaint, officers routinely distribute prescription medications to inmates at the jail. These officers do not have any medical training or knowledge.

On March 31, 2015, officer Mavis Shliter distributed the plaintiff's blood pressure medication and, when the plaintiff asked officer Shitler to check the plaintiff's blood pressure as a safety precaution prior to the plaintiff taking the medication, the officer told the plaintiff that she did not know how to take his blood pressure and that, if he did not take the medication, she would "write down that [he] had refused it." The plaintiff took the medication and later became dizzy and confused. A few hours later, the plaintiff was taken by ambulance to a local hospital and later transferred to intensive care at a Nashville hospital for stroke-like symptoms. The complaint alleges that "[a]ll officers and including the jail administrator have been made aware of the problems and yet continue to allow it to go which makes both Southern Health Partners and Humphreys County Sheriff's Office liable for the negligent and improper medical care at this facility."   (Docket No. 1 at pp. 5-9).

**III.    Section 1983 Standard**

The plaintiff's complaint is brought under 42 U.S.C. § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color

2

of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## IV. Analysis

The Eighth Amendment of the United States Constitution imposes an obligation to provide prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984). The instant complaint alleges that the defendants have failed to provide adequate medical care to the plaintiff.

In order to state an Eighth Amendment violation, a prisoner must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference requirement is satisfied when an official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)(citing *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004)). "The failure to address a serious medical need rises to the level of a constitutional violation where both objective and subjective requirements are met." *McCarthy v. Place*, 313 Fed. Appx. 810, 814 (6th Cir. 2008). "The objective component requires an inmate to

show that the alleged deprivation is 'sufficiently serious'" and 'that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000)(quoting *Farmer*, 511 U.S. at 834). "To satisfy the subjective component, an inmate must show that prison officials had 'a sufficiently culpable state of mind.'" *Id.* Claims of negligence are insufficient to entitle a plaintiff to relief. *See Farmer,* 511 U.S. at 835.

Without more, the plaintiff here has not alleged that the course of action taken by defendants in this case was constitutionally deficient. The complaint alleges that the defendants' conduct was "negligent" because officers, instead of medical professionals, are allowed to distribute inmate medication and, at times, monitor inmate vital signs such as blood pressure. (Docket No. 1 at p. 9). However, the complaint falls short of alleging that any officer acted with a "sufficiently culpable state of mind" when distributing inmate medication to the plaintiff or taking (or refusing to take) the plaintiff's blood pressure. Further, as soon as the plaintiff notified the officers of his stroke-like symptoms on the day of the incident in question, the offices immediately rushed the plaintiff by ambulance to a local hospital for treatment. Regardless of whether this course of action reflects negligent behavior on the part of jail staff, it does not suggest any deliberate indifference by jail guards towards the plaintiff's medical condition. See *Farmer*, 511 U.S. at 835-36 (holding that the subjective component requires more than a showing of "mere negligence," and if a defendant took reasonable measures to abate the harm, he will not be held liable, even if the harm was not ultimately averted).

Southern Health Partners, the corporate entity that is contractually obligated to deliver medical care to inmates at the Humphreys County Jail, has no § 1983 liability to the plaintiff if the conduct complained of is not a constitutional violation. *See Bowman v. CCA,* 350 F.3d 537, 545 (6th

4

Cir. 2003). Accordingly, the court finds that the plaintiff has failed to state a viable Eighth Amendment violation against either defendant.

**V.      Conclusion**

As set forth above, the court finds the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, the complaint will be dismissed.

An appropriate order will be entered.

*[signature]*
Todd J. Campbell
United States District Judge